UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ANTONIO MARTINEZ, LEROY GRANT,
RAYMOND GOMEZ AND MICHAEL COLLIER,

        Plaintiffs,                          **COMPLAINT AND JURY DEMAND**

    -against-

THE CITY OF NEW YORK, Police Officer
Maximo Perezcoyle (Shield No. 222), Police
Officer Scott Miller (Shield No. 29322), and
Police Officer Frank Liuzzi (Shield No. 2588),

        Defendants
---------------------------------------------------------

Plaintiffs, ANTONIO MARTINEZ, LEROY GRANT, RAYMOND GOMEZ, and MICHAEL COLLIER, by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1291 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(B).

**PARTIES**

6. Plaintiffs are at all relevant times residents of the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, Police Officer MAXIMO PEREZCOYLE SHIELD NO. 222, Police Officer SCOTT MILLER, SHIELD NO. 29322 and Police Officer FRANK LIUZZI, SHIELD NO. 2588, were duly sworn police officers of said department and were acting under the supervision of said Department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF

NEW YORK.

## FACTUAL ALLEGATIONS

13. On March 14, 2019, at approximately 8:00 a.m, plaintiffs were lawfully present inside 487 Carlton Ave., Apartment #9J, in the County of Kings, City and State of New York, hereinafter "the location".

14. Defendant police officers forced their way into the location and approached plaintiffs with guns drawn.

15. Plaintiffs complied with the defendants' requests yet the defendants still attacked a number of the plaintiffs, pushing, shoving and knocking them to the ground.

16. Defendants ransacked the location and handled the plaintiffs with unnecessary force resulting in injuries.

17. Plaintiff ANTONIO MARTINEZ specifically asked for medical assistance for injuries sustained at the hands of the defendants but his request was denied.

18. The defendants then arrested plaintiffs and transported plaintiffs to a police precinct.

19. At no point in time was it reasonable or necessary to stop the plaintiffs, arrest them, and then to use force against the plaintiffs, nor could a reasonable officer have believed that such a use of force was reasonable or necessary.

20. At no point did the defendant observe plaintiffs committing any crimes or offenses.

21. Defendants knew at the time that defendant Perezcoyle drafted the arrest paperwork in the criminal prosecution that plaintiffs had not engaged in the criminal conduct as alleged.

22. The defendants each knew that these allegations were being drafted, and that they would be forwarded to the Kings County District Attorney's Office in order to initiate criminal charges against plaintiffs.

23. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against plaintiffs, would rely on the truthfulness of their factual claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

24. Plaintiffs were thereafter transported to Central Booking where they were subsequently arraigned on various charges based on fabricated claims by one or more defendants.

25. All charges against plaintiffs were dismissed and sealed.

26. As a result of the Defendants' actions, Plaintiffs suffered loss of liberty, loss of reputation, mental, physical and emotional harm of a permanent nature.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events.

28. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

29. At all relevant times herein, each of the individual defendants participated directly in the constitutional violations at issue.

30. To the extent that any of the defendants did not participate personally in this misconduct, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

31. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these

events.

## FIRST CAUSE OF ACTION
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C.§1983

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CAUSE OF ACTION
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. The level of force employed by defendants was objectively

unreasonable and in violation of plaintiffs' constitutional rights.

40. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### THIRD CAUSE OF ACTION
### FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely detained by the defendants, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiffs' liberty was restricted for a period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. Defendants misrepresented and falsified evidence before the District Attorney.

49. Defendants did not make a complete and full statement of facts to the District Attorney.

50. Defendants withheld exculpatory evidence from the District Attorney.

51. Defendants were directly and actively involved in the initiation of the criminal case.

52. As a result of the foregoing, plaintiffs sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
### DELIBERATE INDIFFERENCE TO PLAINTIFFS' MEDICAL NEEDS UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54. Defendants knew that plaintiffs had sustained bodily injuries as a result of their unlawful use of force.

55. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiffs.

56. Defendants also greatly exacerbated plaintiffs' pain and suffering by needlessly handcuffing them tightly.

57. As a result of the foregoing, plaintiffs sustained the damages herein alleged.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

56. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against Plaintiffs.

58. The Individual defendant forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

59. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, Plaintiffs

sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
### MUNICIPAL LIABILITY

61. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were subjected to unlawful and excessive force resulting in emotional and physical injuries.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights.

71. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs request that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs

pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

DATED: Brooklyn, New York
February 3, 2022

*Amy Rameau*
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York